E. B. PAXTON, Executrix, and others v. C, M. WOOD.and W. C. WOOD, Executors.

*.Bond--Surrender and Cancellation--Joinder of Actions- Joinder of Parties--Fraud.*

1. The legal effect of the surrender of a bond to an obligor and the cancellation thereof is the same as a release of the cause of action on the bond, and may be pleaded in bar of an action to recover the amount of the same. Such surrender and cancellation is a "deed," and is valid without consideration.

2. An action by legatees to follow a fund on account of alleged fraud which the personal representative (also a legatee) failed to collect, can not he joined with an action brought by such personal representative to collect the assets of the estate.

3. The Code of Civil Procedure does not warrant the joinder of the principal in an alleged breach of trust as co-plaintiff with the persons alleged to have been thereby injured, in an action against the parties alleged to have participated in the fraud.

4. Where a debtor accepts from the personal representative of his creditor, by way of compromise, a release of his bond in a settlement between them, paying no consideration therefor, and there is no proof of imposition, undue influence, accident or mistake ; *Held,* That the Court will not impute fraud to such debtor.

*(Wilson* v. *Doster,* 7 Ire. Eq., 231, cited and approved.

CIVIL ACTION, tried at Fall Term, 1876, of CHOWAN Superior Court, before *Eure, J.*

Richard Paxton died in 1863, in said County, leaving a last will and testament to which the plaintiff, Mrs. E. B. Paxton, qualified as executrix. She is the widow of Richard Paxton .and equally interested with her children, the other plaintiffs, as legatee under said will.

Among the articles of personal property left by her testator, were two joint bonds against the defendant W. C. Wood and his testator Edward Wood, amounting in July, 1876, to $6,841.49. Prior to that time, one of these bonds was credited with $1,000, paid by W. C. Wood ; and Edward Wood

at various times had paid to the plaintiff executrix the sum of $2,125, which was not credited on the bonds in question, but Mrs. Paxton gave her individual notes to said Edward for said sum. She stated however in a letter to W. C. Wood in July, 1867, that said sum was to be credited on said bonds.

The two bonds at that date (exclusive of $2,125 covered by her individual notes) amounted to the said sum of $6,841. 49. Mrs. Paxton proposed to W. C. Wood to compromise the matter, agreeing to lose $895.60, and to credit said bonds with the amount of her individual notes. This proposition was accepted, and Edward Wood paid to Mrs. Paxton the amount agreed on, and she surrendered to him the said bonds.

In a subsequent settlement between Edward and his brother W. C. said bonds were surrendered to W. C. and cancelled by him, he giving his note to Edward.

Mrs. Paxton was adjudicated a bankrupt in April, 1871, being before that time, then, and now, indebted to her children, the other legatees, several thousand dollars.

On the trial below the defendants relied on the plea of satisfaction, payment, release and the statute of limitations, and after argument, His Honor being of opinion with defendants, adjudged that they go without day and the plaintiffs appealed.

*Messrs. A. M. Moore* and *Mullen & Moore,* for plaintiffs.
*Messrs. Gilliam & Pruden,* for defendants.

PEARSON, C. J. The case was heard upon the pleadings and the facts set out in the statement of the case, and we concur with His Honor in the opinion that the plaintiffs did not make out a cause of action.

1. Judgment is demanded on the ground that there is a balance due to the plaintiff, E. B. Paxton, as executrix of

Richard Paxton, on the two bonds mentioned in the plead-ings. It is clear that the several amounts advanced to Mrs. Paxton were intended as payments, and are to be so taken. It is not, however, so clear that the $895.60 which Mrs. Paxton says, in her letter, " she was willing to take by way of compromise," should not be considered as a balance still due upon the bonds.

We have come to the conclusion that the executrix cannot maintain an action for the $895.60 as a balance due on the bonds, for the reason, that the bonds were surrendered by her to the obligors to be cancelled, and were cancelled ; by which deed their existence was extinguished to all intents and purposes, such voluntary 'surrender and cancellation having a legal effect entirely different from an accidental loss or destruction of the instruments.

Suppose Mrs. Paxton had executed to the obligors a formal release, that is, " an instrument of writing, sealed and de-livered," of her cause of action on the bonds ; there can be no question that the release could have been pleaded in bar of her action. The surrender and cancellation of the bonds have the same legal effect ; both are *deeds*, the one in the restricted sense of "an instrument of writing, sealed and delivered," the other in the general sense of " a solemn *act done* by the party "; and both are valid without a considera-tion, by reason of the solemnity of the act done. A deed of gift for a chattel passes the title ; so, a gift accompanied by an actual delivery passes the title. No consideration is necessary in either instance, for both are "*deeds*," and no con-sideration is necessary to make them valid. A feoffment of land passes the title, although there be no consideration, for the act of " livery of seizin " is a *deed*, and although there be an instrument of writing sealed and delivered, setting out the limitations, conditions, &c., accompanying the livery of seizin, the title passes by the act of making livery, and no writing or consideration is necessary. In conveyances

operating under the doctrine of uses, a consideration is
necessary to raise the use. This, however, is exceptional;
as is the necessity for a valuable consideration to make con-
veyances valid as against creditors under 13 Eliz., and pur-
chasers under 27 Eliz; but voluntary conveyances and vol-
untary bonds and all deeds, are binding between the parties.
It follows that the deed in fact, to-wit, the surrender of the
bonds to the obligors and the cancellation thereof, has the
same legal effect as a deed in writing, to-wit, a release of
the cause of action on the bonds, would have had.

The doctrine that payment of a part of a debt does not
support an agreement to forego the collection of the residue,
has no application to this case. That rests on the necessity
for a consideration to support an *executory* agreement ; other-
wise it is not valid, being *nudum pactum.* Whereas we have
seen that agreements executed and evidenced by a deed in
writing, or a deed in fact, are valid without any considera-
tion.

2. A decree is prayed for declaring the defendants to be
trustees for the plaintiffs as legatees, of the sum of $895.60
not collected by the executrix when she surrendered the
bonds (the other claim has been disposed of) on the ground
that the obligors committed a fraud in procuring a surren-
der of the bonds without making payment in full. The two
causes of action are misjoined and are inconsistent, the one
being an action by Mrs. Paxton as executrix to collect the
assets of her testator, the other being an action by Mrs. Pax-
ton and the plaintiffs as legatees, to follow the fund which
she failed to collect. Although the pleader has with much
ingenuity confused the matter by the use of generalities, we
can hardly suppose even the liberality of C. C. P. will war-
rant the joinder of inconsistent causes of action. But pass
that by.

There is a misjoinder of parties, by making Mrs. Paxton
the plaintiff in the second action, when she is manifestly a

necessary party as defendant; for she was the principal actress in the breach of her trust and fraud alleged, and must be joined with the other defendants, who are alleged to have concurred with her as coadjutors; otherwise we have this singular state of things presented by the pleadings. The plaintiffs allege that they are legatees under the will of Richard Paxton and that one of them being executrix as well as legatee, committed a breach of her trust as executrix with the knowledge and privity of the defendants; and the principal in the breach of trust is made a plaintiff in an action to hold her accessory responsible in the first instance; and she not only escapes being called to account for her delinquency, but seeks to charge the defendants by avowing her own turpitude, and avers as one of the *plaintiffs in the action*, that at the time of the surrender of the bonds, she was insolvent and the obligors in the bonds had notice. She also avers that "she has committed a *devastavit* and is largely indebted to the legatees, and was in 1871 adjudicated a bankrupt"!

Here we have proof that a mother to serve a child will "sacrifice herself."

After full consideration we are satisfied that C. C. P. does not warrant the joinder of the principal in an alleged breach of trust with the persons alleged to have been injured thereby, in an action against the parties alleged to have been accessory to the fraud.

Apart from this objection, we are of opinion, that the facts set forth in the statement of the case do not show a cause of action, that is, a sufficient ground on which the Court can declare the obligors to have committed a fraud in accepting the surrender of the bonds, and can make a decree by which they are to be converted into trustees for the plaintiffs.

After the introduction of uses into England, it became a settled principle that when a feoffment was made without consideration, and without a declaration of the uses or a

power of appointment, the feoffee holds to the use of the feof-for. This was put on the presumed intention of the par-ties. But the idea that the obligors in our case accepted the surrender of the bonds, with an understanding that they were to hold the funds for the use of the legatees, is so ri-diculous, that it would not have been alluded·to, but for the fact, that as the case is before us, that is the only ground on which the plaintiffs can put their case.

The testator was a man of large estate. His widow was executrix and under the will was entitled to a part of his estate. The obligors who owed a large debt to the testator, due by two bonds upon which there had been many and divers payments, both before and after his death, *on the written proposal of the executrix by way of compromise,* paid to her the full amount of the bonds, and interest, deducting credits, and including as credits the notes of the executrix, *minus* the sum of $895.60, and she surrendered the bonds to be cancelled. This was in 1867. It does not appear what was the condition of the estate at that time, or what was the amount of the legacy to which she was entitled. After-ward, in 1871, she went into bankruptcy. "She was then, before, and is now, indebted to her children who were the other legatees, several thousand dollars."

It does not appear that she was insolvent or had so wasted the estate in 1867, as not to have in hand assets amply suf-ficient to pay the legacies to her children; and from any-thing that appears, she was in a condition to be able to re-lease or surrender $895.60 without consideration, and let it stand as an abatement of her legacy, without in any way im-pairing the rights of the other legatees, or subjecting herself to the imputation of *fraud.* So the question is, if a debtor accepts from the executrix of his creditor, a release or sur-render of his bonds, the executrix being a legatee to an amount equal to the balance due on the bonds, does the mere fact that he paid no consideration for the release, in the ab-

PAXTON *v.* WOOD.

sence of any proof or suggestion of imposition or undue influence, or of accident or mistake, furnish a ground upon which the Court can impute fraud to the debtor and convert him into a trustee for the other legatees, of the whole sum thus released or of a ratable part thereof, deducting the portion of the executrix, upon its being proved that the executrix afterwards became insolvent and went into bankruptcy, indebted to the other legatees several thousand dollars ? No case was cited on the argument bearing directly upon the point. *Wilson* v. *Doster*, 7 Ire. Eq. 231, and that class of cases, established the doctrine, that one who concurs with an executor in a breach of trust, or in a fraudulent misapplication of the assets, will be converted into a trustee, and be held responsible to the legatees, in aid of their remedy against the executor.

Let us analyze this question : An executor is a trustee for the legatees. The executrix in our case is one of the legatees. For reasons not disclosed to the Court, the executrix proposes to accept payment of the amount due according to her figures *minus* $895.60, and thereupon to surrender the bonds, which is done.

The state of facts now before us does not authorize a declaration by the Court, that the plaintiff, Mrs. Paxton, in this transaction committed a fraud upon her children, or that the defendants had complicity therein.

It may be that in a case properly constituted and with the necessary averments to show fraud on the part of the executrix and complicity on the part of the obligors, the plaintiffs, other than E. B. Paxton, may be able to make out a case. All that we can now say is, we concur with His Honor.

No error.

PER CURIAM. Judgment affirmed.