## Laird v. Groover

*Paul M. Showalter*, for plaintiff.

*Charles W. Kalp*, for defendant.

SHOWERS, P. J., April 6, 1957.—On December 12, 1956, claimant in this case filed a mechanic's lien for materials furnished for alteration and repair of the barn, cow-palace and other buildings situate upon the premises which are particularly described in said lien, against E. W. Groover Estate et al., owners or reputed owners. The premises described, and the buildings situate thereon to which the alterations and repairs were made, was at the time of the filing of the lien the property of the E. W. Groover Estate, which was in the hands of Mary Jane Groover, executrix of the estate.

The last will and testament of E. W. Groover appears in Will Book O. page 155, dated June 25, 1954, and provides as follows:

"Second—I give and bequeath unto my wife, Mary Jane Groover, one-fourth of my entire estate. This one-fourth is given in accordance with the understanding we have between us and consented to by her.

"Third—I give unto my son Clarence E. Groover, one-fourth of my entire Estate.

"Fourth—I give unto my daughter, Marion R. Osbron, one-fourth of my entire Estate.

"Fifth—I give to my son, Robert W. Groover, one-fourth of my entire Estate.

"Sixth—It is my wish and I herewith state that my said wife, Mary Jane Groover, shall have the privilege of purchasing my said farm where we now reside, at a fair and reasonable price. If my said wife so elects to purchase my said farm, the price shall be determined by three disinterested appraisers. One appraiser shall be appointed by my said wife, one appraiser shall be appointed by my children and the two appraisers so appointed shall select a third appraiser. The price determined by these three appraisers shall be considered the sale of my said farm to my said wife.

"I hereby nominate, constitute and appoint my wife, Mary Jane Groover, as Executrix of this my last will and testament."

J. Millard Wagner, register, granted and issued unto Mary Jane Groover, executrix, letters testamentary on May 25, 1956.

Appraisers were appointed in acordance with paragraph sixth, who fixed the value of the property in question at $18,000. The election to take the property at the appraised value was dated June 26, 1956, and filed in the Orphans' Court of Union County, November 14, 1956.

The mechanic's lien provides, inter alia, as follows:

"2. The name of the owner or registered owner is E. W. Groover Estate and/or Mary J. Groover Farm, and/or Mary J. Groover, and/or D. Gundy Strickler, and/or Ruth M. Strickler, and/or Dean G. Strickler, and/or Jack D. Strickler, and/or Richard M. Strickler.

"3. The claimant contracted with D. Gundy Strick-

ler then and acting in his own individual capacity and as agent of the owners with full authority so to do.

"4. The materials and labor hereinafter referred to were furnished by the contractor at the instance and request of the said D. Gundy Strickler individually and as agent aforesaid.

"7. The first materials were furnished by the claimant on the 1st day of September, 1956, and last materials were furnished on the 22nd day of October, 1956.

"8. The first labor was furnished on the 14th day of September, 1956, and the last labor was furnished on the 26th day of October, 1956."

Obviously, the alleged contract as set forth, supra, in the mechanic's lien was made and the labor and materials furnished prior to the filing of the election by the widow to take the property at the appraised value of $18,000.

On January 8, 1957, a motion to strike off said lien was presented to this court, and it is upon this motion that the matter is now before the court for disposition. The motion suggests reasons, appearing on the face of the record, in support of the same, and at the argument, the reason stressed was that the Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 2, 49 PS §22, prohibits the filing of a lien against premises in the hands of ". . . trustee under deed, will or appointment by the court, . . ." unless the court or the will authorizes such a contract. The statement filed in this case makes no mention of any authority from the Orphans' Court of Union County, or under the will of E. W. Groover, deceased.

It is asserted by claimant that nowhere in the section quoted above does it mention anything concerning a personal representative such as executor in the case before the court, and concerning the immunity of a personal representative such as executor in the case before the court. We believe when the legislature provided

that a property is held by a "trustee", the term was used in the broad sense which provided and intended to provide for property which had been taken into possession by an executor in his fiduciary capacity for care and preservation for the benefit of all parties having a legal interest in it, or a lawful claim against it, and the fact that the word "Executor" was not specifically set forth in the act cannot be held to exclude property in the hands of a personal representative, such as executor in the present case, from immunity. The name applied to the officer is not controlling, but the status of the property in the hands of such officer is the controlling and governing factor. If the property is held in a position of trust, then in the eyes of the law, he who holds it as a trustee regardless of the name by which he may be called, is a trustee. A trustee is one in whom property is vested for the benefit of another. A person is said to be a trustee, in whom power over property, or affecting it, vests for the benefit of another.

As we understand this situation, the names "Trustee" and "Executor" are merely used to indicate trusts of somewhat different types, and they stand before the law on a par with the principle which has always governed the construction of legal documents involving these two words. An executor is a trustee for the legatees: Paxton v. Wood, 77 N. C. 11, at page 17.

The executor in the case before us for determination holds the property in trust for the benefit of creditors and legatees in the E. W. Groover Estate. Section 2 of the Mechanic's Lien Act, quoted above in part, clearly intended to preserve the immunity from lien of property in the hands of a trustee, and the legislative intent, in our opinion, was to so interpret the act as to preserve the immunity from lien of property in the hands of an executor.

The executor is without legal authority to lien the property in question, and likewise anyone acting as

agent or in behalf of the executor is without authority to encumber the property. This view is clearly supported by 26 Vale (Pa.) 35, sec. 21, which provides as follows:

"Any doubt that may have existed as to whether an executor, guardian or committee could subject the trust property to a lien is now resolved by the legislature against the right except where the provisions of section 2 of the Act of June 4, 1901, P. L. 431, 49 PS §22, have been complied with. In all cases under this Act, except alterations and repairs, the lien takes 'effect as of the date of the visible commencement upon the ground of the work of building, etc.' If the date to which the lien related were anterior to the appointment of the receiver, committee, guardian, or trustee the lien may be filed."

This point was raised in the case of Fisher Foundry & Machine Co. v. Susquehanna Iron & Steel Co., 22 Lanc. 292. In that case the court stated:

"In Johnson on Mechanic's Lien Law in Pennsylvania, pages 132, 133 and 135, it was said by the learned text-writer that whether mechanic's liens could be filed against executors, guardians or committees of lunatics and habitual drunkards did not appear to have been expressly decided in this State, and I have no doubt but that the author of the Act of June 4, 1901, P. L. 431, with this knowledge in mind, to settle this open question, inserted in the Act the provision: 'But no lien shall be allowed for labor or materials furnished for purely public purposes, nor against any property held by the committee of a lunatic, the guardian of a minor, or a trustee under deed, will or appointment by the Court, unless by virtue of a contract made under authority of the Court or of the power contained in the deed or will'."

And now, April 6, 1957, we conclude from the foregoing that a mechanic's lien may not be filed against

real estate in the hands of an executor, where no contract has been made under authority of the court, or by power contained in the will of E. W. Groover, deceased, and is accordingly stricken off the mechanic's lien docket and the judgment index.